IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


EVERETT DARRYL CLAY,

    Plaintiff,

v().                                             CASE NO. 4:05-cv-00406-MP-AK

SERGEANT BOLACK,
SERGEANT BROCK,
SERGEANT WHITTEN,

    Defendants.

_____/


**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that Defendants Whitten and Bolack used excessive force against him during an incident which occurred on June 15, 2004, while Defendant Brock watched. (Doc. 30). He also alleges claims of denial of equal protection and racial discrimination. In his first complaint, he admitted that he had not filed grievances on the issues because he was in fear of his life. (Doc. 1). The Court advised him that exhaustion was mandatory and advised him that if he had not exhausted these issues he should consider dismissing the action so that he could attempt exhaustion. (Docs. 14). Plaintiff requested the Court to waive exhaustion (doc. 14), which the Court denied. (Doc. 17). He then requested additional time to file an amended complaint while he exhausted (docs. 18, 20), which the Court denied explaining that the failure to exhaust mandates dismissal. (Docs. 19, 22).

Plaintiff has now filed an amended complaint (doc. 30) and attached copies of a grievance appeal filed on May 22, 2006, which states:

> B.V. Reddish the above administrator of this facility seems not to comprehending that I'm acting on a order from Judge Allan Kornblum of the Norther District Court to exhaust remedies from a civil complaint therefore I'm appealing the decision in attempting to exhaust my remedies by submitting this appeal.

(Doc. 30, Exhibit B).  The response dated June 12, 2006, indicates that the grievance was forwarded to the Inspector General.  This, of course, raises none of the issues to be grieved for purposes of the present lawsuit such as the alleged excessive force by Defendants Whitten and Bolack.  The informal and formal grievances which would have been filed prior to the appeal are not attached to the complaint.

Plaintiff has attached another grievance dated April 25, 2006, which discusses the incident complained of in June 2004, but in the context of Judge Kornblum's order directing exhaustion and the response misinterprets the grievance as complaining about a court decision.  Plaintiff apparently did not appeal this decision.

Plaintiff attached another informal grievance dated June 8, 2004, which complains about Officer Cherry, who wrote him up for being on an unauthorized break.  This is the grievance Plaintiff alleges resulted in Defendants Whitten and Bolack hitting and slapping him, but there is nothing in the grievance about them or their alleged use of force.  Also, this grievance was not appealed.

Since passage of the PLRA, 42 U.S.C. § 1997e(a) provides:  "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added.)  The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir.

1998).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement).  Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such.  Higginbottom, 223 F.3d at 1261, *citing* Alexander, 159 F.3d at 1323.  An inmate must not only commence the grievance process, he must perfect his appeal to the highest administrative level in the process.  Alexander, 159 F.3d at 1323.

A review of the correspondence from Plaintiff makes clear that he had not exhausted the claims presented in the complaint prior to filing it in this Court and has, since being advised that he must exhaust, attempted it after the fact.  The incident he complains of occurred two years ago, and the time constraints on filing grievances has long since passed.  However, Plaintiff still has available to him the option of filing an out of time grievance and appealing it, which he apparently has not even attempted to do. Regardless, the Court must dismiss the present lawsuit on the present state of his exhaustion efforts and is not at liberty to waive this requirement or stay the present proceedings while Plaintiff makes this effort.  See Alexander, supra.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc.30, be **DISMISSED** for failure to exhaust administrative

remedies pursuant to 42 U.S.C. § 1997(e).

**IN CHAMBERS** at Gainesville, Florida, this **13th** day of July, 2006.

                                      **s/ A. KORNBLUM**
                                      **ALLAN KORNBLUM**
                                      **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**